ORDERED ACCORDINGLY.

Dated: March 23, 2012

*George B. Nielsen*

**George B. Nielsen, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re:<br><br>THE LANDING AT REID'S RANCH, L.L.C.,<br><br>Debtor. | Case No. 2:09-bk-33903-GBN<br><br>Chapter 7<br><br>**AMENDED ORDER RE APPLICATION TO EMPLOY SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE** |
|---|---|

This matter came before the Court pursuant to the "Application To Employ Special Counsel For Chapter 7 Trustee" [Docket No. 182] (the "Application")[1] filed on December 5, 2011 pursuant to 11 U.S.C. § 327(a) and (e) by David M. Reaves, the Chapter 11 Trustee in the above-captioned bankruptcy proceeding, requesting that the law firm of Quarles & Brady LLP (the "Quarles Firm") serve as special counsel to the Trustee to pursue specific preference and fraudulent transfer actions against insiders and affiliates of the Debtor. The Application was supported by the "Verified Statement of Isaac M. Gabriel Pursuant To Rule 2014 In Support Of Application to Employ Special Counsel For Chapter 7 Trustee" [Docket No. 183] (the "Verified Statement") filed pursuant to Rule 2014, Rules of Bankruptcy

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to them in the Application.

QB\146299.00003\16290203.1

Case 2:09-bk-33903-GBN   Doc 203   Filed 03/23/12   Entered 03/26/12 07:41:32   Desc
Main Document - Application to Employ   Page 1 of 4

Procedure ("RBP"). On December 5, 2011, the Court entered the "Order Re Application To Employ Special Counsel For Chapter 7 Trustee" [Docket No. 185] (the "Order"), thereby approving the Application.

On February 3, 2012, the "Objection to Employment of Quarles & Brady as Special Counsel to the Trustee; Motion for Relief from Order Approving Employment The Trustee" [Docket No. 185] (the "Objection")was filed by The Landing At Reid's Ranch (the "Debtor"). Insider Amberwood Development, Inc. and adversary defendants The Johnson Family Trust Dated Dec. 13, 1989, Billy Johnson, and Megan Johnson, and the other adversary defendants subsequently joined Debtor's objection [Docket Nos. 187 and 188] (the "Joinders"). On February 13, 2012, the Trustee filed his "Reply In Support Of Application To Employ Special Counsel For Chapter 7 Trustee" [Docket No. 193] (the "Reply"), and on February 14, 2012, the Court held a hearing (the "Hearing") on the Application and the Objection.

Based on the Application, the Verified Statement, the Objection, the Reply, the arguments of counsel at the Hearing, and the entire record before the Court in the above-captioned bankruptcy case,

IT IS HEREBY ORDERED as follows:

A.   The Quarles Firm shall be employed as of December 5, 2011, the date that the Application and the Verified Statement were filed with this Court, to serve as special counsel of the Trustee, subject to the terms set forth in the Application as modified by this Order.

B.   Compass Bank has committed to fund a specific amount (which has been disclosed to and approved by the Trustee) toward the Subject Actions, and such amount is irrevocable as of the date of this Order. Once the specific amount has been exhausted, the Trustee will be required to file a supplemental application with the Court, with notice to all interested parties, advising whether Compass Bank has committed a new amount acceptable

1  to the Trustee or whether alternate employment compensation has been agreed to by The
2  Quarles Firm.

3        C.    The Subject Actions are limited to preference and fraudulent transfer
4  litigation (and claims relating to the underlying factual basis thereto) against Roll Tide, LLP,
5  Amberwood Development, Domionrock Plancor, LLC, Autowind Management, LLC, Megan
6  Johnson, Billy Johnson, and other related insiders, affiliates, and third-party transferees in
7  connection with liens and transfers of interest in Lots 36 and 62 of the Debtor's real property.
8  The Subject Actions specifically exclude any potential claims the estate may hold against
9  Compass Bank, and the Quarles Firm shall not be the Trustee's counsel or Compass Bank's
10  counsel in connection with any claims that may be asserted by the Trustee against Compass
11  Bank.

12        D.    Compass Bank shall not direct or otherwise participate in any litigation
13  strategy of the Trustee.  The Trustee is the sole client with respect to the Subject Actions and
14  the retention of the Quarles Firm in connection with pursuing the Subject Actions.

15        E.    The Quarles Firm shall not disclose to Compass Bank or any other party
16  any information received in the Subject Actions which is subject to (i) a protective order
17  entered in the Subject Actions, (ii) the attorney-client privilege and/or attorney work-product
18  doctrines between the Quarles Firm and the Trustee, or which is otherwise non-disclosable
19  pursuant to any applicable ethical rules governing conduct of attorneys in the State of
20  Arizona.

21        F.    Compass Bank shall pay the costs and fees incurred by the Quarles Firm
22  on an ongoing basis up to the amount committed pursuant to Paragraph B above, and the
23  Quarles Firm will be entitled to indefeasible retention of all amounts paid by Compass Bank.

24        G.    To the extent that any amounts are recovered in or with respect to the
25  Subject Actions via settlement, judgment, enforcement of a judgment, or otherwise

1  (collectively, the "Recoveries"), the Recoveries shall be disbursed, subject to appropriate
2  application, notice, and order by the Court, as follows:  (i) first, to reimburse Compass Bank
3  for its actual costs incurred in connection with the Subject Actions, including, but not limited
4  to, all amounts paid to the Quarles Firm in relation to the Subject Actions; (ii) second, to pay
5  any outstanding fees and costs of the Quarles Firm which are approved by the Court, but
6  which have not been paid by Compass, and (iii) third, to the estate to be distributed to
7  creditors in accordance with the priorities of the Bankruptcy Code, provided, however, that no
8  funds shall be paid from the estate either to the Quarles Firm or to BBVA Compass Bank as
9  reimbursement for fees and costs paid to the Quarles Firm, except upon Court approval after
10 appropriate application filed with the Court and appropriate notice.

DATED AND SIGNED ABOVE